## COMMONWEALTH *vs.* MANUEL L. SOARES.

No. 08-P-1183.

Plymouth. October 14, 2009. - April 16, 2010.

Present: COHEN, BROWN, & MILLS, JJ.

*Practice, Criminal,* Motion to suppress, Findings by judge, Assistance of counsel, Identification of defendant in courtroom. *Identification. Due Process of Law,* Identification. *Constitutional Law,* Identification, Assistance of counsel.

A Superior Court judge properly denied a criminal defendant's pretrial motion to suppress two witnesses' out-of-court identifications of him, where, although it was potentially problematic for the witnesses to be present together at the out-of-court identification, the procedure employed did not, in fact, render the identification of the defendant unnecessarily suggestive [615]; further, assuming that the judge's statement in his written decision (i.e., that the defendant had met his burden of proving that the out-of-court identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification) was inconsistent with the denial of the motion, the judge's subsidiary findings did not warrant that ultimate finding or conclusion of law [615-616].

At a criminal trial, counsel was not ineffective for failing to make an objection, regarding an out-of-court identification, that would have been unavailing. [616]

There was no merit to a criminal defendant's claim that a witness's in-court identification was not properly received in evidence. [616]

INDICTMENTS found and returned in the Superior Court Department on June 21, 2004.

A pretrial motion to suppress evidence was heard by *Charles M. Grabau,* J., and the cases were tried before *Richard J. Chin,* J.

*Stacey Gross Marmor* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

COHEN, J. Multiple counts of an indictment were returned against the defendant, Manuel L. Soares, and another individual,

Luis A. Andrade, in connection with an incident in Brockton, on May 15, 2004, in which Kevin Mercado (victim) was shot in the leg while attending a party. After the defendant's case was severed from Andrade's, a Superior Court jury found the defendant guilty of possession of a firearm without a license, pursuant to G. L. c. 269, § 10(a), and possession of ammunition without a firearm identification (FID) card, pursuant to G. L. c. 269, § 10(h).[1] The jury acquitted the defendant of assault and battery by means of a dangerous weapon, pursuant to G. L. c. 265, § 15A(b), and discharging a firearm within 500 feet of a building, pursuant to G. L. c. 269, § 12E.

The issues raised on appeal pertain to out-of-court and in-court identifications of the defendant made by two percipient witnesses, Maria Mercado (the victim's sister) and Amanda Fortes. The defendant contends that (1) his pretrial motion to suppress the witnesses' out-of-court identifications of him was erroneously denied, (2) his trial counsel was ineffective in failing to object to the evidence of the out-of-court identifications, and (3) on the assumption that Fortes's out-of-court identification of him should have been suppressed, her in-court identification should have been excluded, because it lacked an adequate independent basis for admission.[2] We affirm.

1. *Motion to suppress.* a. *Background.* Although the motion judge orally announced his decision at the close of the suppression hearing, and dictated findings and rulings from the bench, he then issued a written decision, entitled "Findings and Rulings on Defendants' Motions to Suppress Identification," which was entered on the docket several days later, and which referred to the dictated findings and rulings as "preliminary." We consider the written decision to be the decision of record for purposes of appellate review. Accordingly, we take the underlying facts from the judge's written findings, supplementing them with uncontroverted details from the hearing testimony, which the judge explicitly or implicitly credited. See *Commonwealth v. Isaiah I.,* 448 Mass. 334, 337 (2007).

---

[1]Immediately thereafter, a bench trial was held, at which the defendant also was found guilty of the second offense portion of the possession of a firearm without a license charge, pursuant to G. L. c. 269, § 10(d).

[2]The defendant makes no such argument with respect to Mercado's in-court identification.

At the time of the incident, Mercado was acquainted with the defendant, whom she had seen frequently and knew well enough to exchange greetings. A few minutes before the shooting, Mercado, who was three to four feet away from the defendant, saw another individual take a gun out of his waistband area and pass it to the defendant. Unlike Mercado, Fortes had never seen the defendant before the incident. Fortes was a few feet away from him, in good lighting conditions, when she observed him approach and shoot the victim through a stairway railing.

After the shooting, Mercado saw the defendant run down Owens Avenue, and when the police arrived, she pointed him out to them. Moments later, the police transported Mercado and Fortes in the back of a cruiser[3] to the intersection of Owens Avenue and Packard Street and asked them to view five or six young men, who were detained in handcuffs at the side of the road. While Mercado and Fortes remained seated in the cruiser, a police officer asked them if they recognized anyone involved in the shooting. Fortes spoke first, identifying the defendant as the shooter. Immediately thereafter, Mercado identified Andrade as the individual who had passed the gun to the defendant. Fortes then also identified Andrade, and Mercado identified the defendant.

Both the defendant and Andrade moved to suppress the identifications, claiming that they were the product of a procedure that was unnecessarily suggestive and conducive to irreparable mistaken identification, and that the Commonwealth could not establish by clear and convincing evidence that any in-court identification at trial would have an independent source. Both orally, at the close of the suppression hearing, and in his written decision, the judge denied the defendant's motion as to both witnesses' identifications, denied Andrade's motion as to the identification made by Mercado, but allowed Andrade's motion as to the identification made by Fortes.

Thereafter, the cases against the defendant and Andrade were severed. At the defendant's trial, which was held before a different judge from the motion judge, evidence of the witnesses' out-of-court identifications of the defendant was introduced,

---

[3]Fortes's sister also was in the cruiser. She was unable to identify anyone and did not testify at trial.

without objection. Mercado and Fortes also identified the defendant in court, again, without objection.

b. *Discussion.* The motion judge did not err in denying the defendant's motion to suppress. To be sure, it was potentially problematic for the witnesses to be present together at the confrontation, because of the risk that the response of one witness would influence that of the other. However, even when an out-of-court identification is made in disfavored circumstances, suppression is required only if the procedure is actually unduly suggestive and conducive to misidentification. See *Commonwealth* v. *Martin*, 447 Mass. 274, 280-282 (2006); *Commonwealth* v. *Phillips*, 452 Mass. 617, 627-629 (2008).

Here, the judge correctly determined that, even if the identification process was unduly suggestive as to the identification of Andrade by Fortes, it was not unduly suggestive as to either witness's identification of the defendant. When the witnesses were brought to view the detained men, it was Fortes who first identified the defendant as the shooter. Her identification could not have influenced Mercado's, given that Mercado, who knew the defendant previously, already had pointed him out to police. Accordingly, despite the risk of suggestiveness presented by the presence of multiple witnesses at the confrontation, the procedure employed did not, in fact, render the identification of the defendant unnecessarily suggestive and conducive to irreparable mistaken identification. See *Commonwealth* v. *Martin, supra* at 281-282.

The defendant correctly identifies a wrinkle in the case, namely that, notwithstanding the judge's ruling, his written decision includes the broad statement that both the defendant and Andrade met their burden of proving that the out-of-court identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." According to the defendant, this statement mandated the suppression of all of the identifications under the "per se" rule of *Commonwealth* v. *Botelho*, 369 Mass. 860, 866 (1976), and is irreconcilable with the judge's denial of the defendant's motion. The Commonwealth, for its part, contends that the statement merely reflects a scrivener's error, when viewed in light of the judge's extensive oral explanation of his rulings at the close of the suppression hearing, which more clearly differentiated

between the defendant and Andrade. As previously indicated, however, we consider the judge's subsequent and facially complete written decision to be his last word on the subject and the proper focus of appellate review.

We conclude, nonetheless, that even if the statement is inconsistent with the judge's ruling, it is in the nature of an ultimate finding or conclusion of law, which we independently may review. See *Commonwealth* v. *Phillips, supra* at 624; *Commonwealth* v. *Watson*, 455 Mass. 246, 250 (2009). In our view, no such ultimate finding or conclusion is warranted on the subsidiary facts found by the judge. On those facts, the motion properly was denied.

2. *Ineffective assistance of counsel.* Because the out-of-court identifications were admissible at trial, any objection to this evidence by trial counsel would have lacked merit. It is not ineffective assistance for counsel to fail to make an objection that would have been unavailing. See *Commonwealth* v. *Beauchamp*, 49 Mass. App. Ct. 591, 609-610 (2000).

3. *Fortes's in-court identification.* Because the out-of-court identification of the defendant by Fortes was not impermissibly suggestive, her in-court identification of him was untainted and properly received in evidence. See *Commonwealth* v. *Otsuki*, 411 Mass. 218, 233 (1991). In any event, we fail to see how the defendant was prejudiced by the admission of Fortes's identification testimony where the verdicts reflect that the jury rejected it.[4]

*Judgments affirmed.*

---

[4]It may be inferred from the split verdicts that the jury were persuaded that the defendant possessed a loaded weapon at some point during the episode, but were not persuaded that the defendant was the shooter. This outcome would be consistent with the jury crediting the trial testimony of Mercado that, although she did not see the defendant shoot the victim, she saw him moments earlier in possession of a weapon handed to him by Andrade; but rejecting the testimony of Fortes, who had seen the defendant only briefly and did not previously know him — Fortes being the only trial witness who claimed to have seen the defendant shoot the victim.